**IN THE CIRCUIT COURT OF DALLAS COUNTY, ARKANSAS**
**CIVIL DIVISION**

**SHELBY BUFFINGTON, as**
**parent and next friend of T.B.,**
**a minor**                                                    **PLAINTIFF**

**VS.**                          **CASE NO. CV-2022- 15** _____

**HABILITATION CENTER, LLC,**
**a foreign Limited Liability Company,**
**d/b/a MillCreek of Arkansas a/k/a**
**MillCreek Behavioral Health, ACADIA**
**HEALTHCARE COMPANY, INC, a**
**foreign Corporation**                                  **DEFENDANTS**

## COMPLAINT

Comes now the Plaintiff, SHELBY BUFFINGTON, as parent and next friend of

T.B., a minor, and for her cause of action against the Defendants, Habilitation Center,

LLC, a foreign Limited Liability Company, Acadia Healthcare Company, Inc., a foreign

Corporation states:

1.  The Defendant, Habilitation Center, LLC, is a foreign Limited Liability Company

    that does business in Fordyce, Arkansas under the name Millcreek of Arkansas

    hereafter "MillCreek". Its principal place of business is located at 1810 Industrial

    Drive, Fordyce, Arkansas 71742. It provides medical and psychiatric services at

    such location. Its agent of service is The Corporation Company. If such Defendant

    claims entitlement to charitable immunity, it is requested to provide the name,

    address, and insurance policy number or bond number of all insurance policies

    and bonds that do or may provide coverage for the damages sought herein.

1

2.  Defendant Acadia HealthCare Company, Inc. (hereafter "Acadia") is a Delaware Company that holds itself out to operate a network of at least 587 behavioral healthcare facilities in 39 States.   MillCreek is facility that is operated and by Acadia HealthCare Company, Inc.

3.  Shelby Buffington, is an adult, over the age of 21 years, and is the biological mother and next friend of T.B. who is a 12-year-old minor at the present time.  The full name of T.B. will be disclosed pursuant to a seal or protective order issued by this Court. However, the Defendants, and each of them, are well aware of the name of T.B.

4.  Venue lies properly herein because the acts and omissions complained of herein occurred, at least for the most part in Dallas County, Arkansas. Defendant MillCreek provides mental health services, operates as a psychiatric hospital and a facility to treat children whose behavior in public is potentially harmful, violent, and inappropriate to themselves and others, and such Defendant holds themselves out to protect and care for the children in their care.  Upon admission, T.B. was given a document titled "Patient Rights: The patient/resident and/or their legal guardian have the following rights:  Personal Safety: To expect reasonable safety in so far as they hospital practices and environment are concerned, including the rights to be free from all forms of abuse or harassment."  They failed T.B. in that respect in he was improperly supervised and cared for allowing a presumably older patient to sexually manipulate T.B. in to performing sex acts for the purpose of the older patient's sexual gratification.

5. Defendant Acadia, upon information and belief, owns/holds/operates and/or otherwise directs care in a multitude of inpatient treatment facilities that are designed to provide a safe and stable environment for those in need of immediate psychological treatment, among other types of treatment. MillCreek is an Acadia owned facility.

6. T.B. was admitted to the cared of MillCreek on Ocotber 10, 2020 and the facility was made aware of T.B.'s prior behavioral issues as well of a prior sexual assault committed against T.B. Defendant's intake paperwork indicates and documents that T.B. was a previous victim of a sexual assault.

7. On December 2, 2020 the Defendants and all of them placed T.B. on "unit restriction" for "talking inappropriate sexual behaviors." No report to the therapist or doctor was made regarding this behavior.

8. On or about December 05, 2020, while on "close observation" classification, Defendant was placed on "unit restriction" by one or several of the Defendants once again. Again, no therapist or doctor was notified.

9. On or about December 6, 2020, while remaining on "close observation" and "unit restriction" another patient/peer at MillCreek reported to a staff member that they had seen T.B. and another patient pulling up their pants. It appears no action was taken as a result of this as the records provided contain no report, investigation or conveyance of this conduct and information to a therapist or doctor.

10. The Defendants apparently did no investigation into the matter, rather, they punished T.B. by restricting his privileges and placing him again on "unit restrictions."

11. The following day, December 7, 2020 T.B. and a peer reported that the incident of December 6, 2020 more fully stating: the peer manipulated T.B. in to performing oral sex upon the peer in exchange for a hot wheels car.

12. The medical records thus far received do not set out that any investigation was done into the behaviors as a result of the December 6, 2020 actions.

13. MillCreek owes a duty to the public, and to their patients, to ensure that those patients in such facility who actually cause sexual abuse or harm to others who are minors are:  (i) reported to the Child Abuse Hotline, as required by law; (ii) treated and medicated so that they do not pose a risk to others in a public place such as occurred on December 6, 2020.; (iii) not left unsupervised to commit such heinous and violent actions;  (iv) warned by providing a warning or other information to Habilitation supervisors so that appropriate action can be taken to protect its patients; (v) separate from the persons upon whom they are offending or are likely to offend.

14. Defendant Acadia knew, by virtue of previous sexual assaults and attacks taking place at MillCreek but also their 587 facilities that these types of assaults are likely to occur, yet they continue to be less than diligent in their protecting of their patients.

15. Defendant MillCreek's records are absent of any evidence that the sexual assault was ever discussed in therapy or ever investigated by any medical professional.

16. T.B.'s behaviors became noticeably and progressively worse after the sexual assault.

17. Upon notice of the allegations set out herein by the Plaintiff, the Defendants immediately discharged T.B.  More specifically, within 24 hours of receipt of a letter asking for medical records and asking MillCreek, Acadia, and all other Defendants to preserve their records as the result of this sexual assault, T.B. was discharged from the facility.

## COUNT ONE
## NEGLIENCE – HABILITATION CENTER, LLC.

18. Plaintiff repeats the allegations set forth in paragraphs 1-17, above, as if the same were set forth word for word herein.

19. Defendant, Habilitation Center, LLC., was negligent in housing children with whom they should have known had a propensity to commit assaults on other children in the same area, and specifically , the same bedroom.

20. Defendant Habilitation Center, LLC., was negligent in having adolescents in the same room within the facility without adequate security measures in place.

21. Defendant Habilitation Center, LLC., was negligent in hiring, training, and supervising its workers.  Specifically, it failed to adequately instruct its workers on how to supervise the residents of the facility to ensure no harm would occur to the other residents of the facility.

22. Defendant Habilitation Center, LLC was further negligent in not having enough staff to adequately supervise the residents in the facility.

23. Defendant Habilitation Center, LLC was further negligent for breaches of duties set forth in paragraphs 1-18, above.

24. Defendant Habilitation Center, LLC failed to have a proper security plan in place to protect T.B. from the acts set out in paragraphs 1-18 hereinabove.

25. Defendant Habilitation Center, LLC was negligent in failing to immediately investigate the allegations that were made aware to them on December 6, 2020.

26. Defendant Habilitation Center, LLC was negligent in their failure to disclose the sexual assault to their in house therapist and to further explore the sexual assault committed upon T.B. in therapy sessions.

27. That Defendant Habilitation Center, LLC was otherwise negligent which will be proven at trial.

28. As the approximate and actual result of the negligence of Habilitation Center, LLC., the Plaintiffs, Shelby Buffington, are entitled to recover on behalf of T.B. damages for past and future emotional harm, past and future pain and suffering, and other damages in a sum in excess of Seventy-five Thousand Dollars excluding interests and costs.

## MEDCAL RECORDS  OF BAD ACTOR AND ANY AND ALL INVESTIGATIVE REPORTS AND FINDINGS

29. The medical records of the peer who "manipulated" T.B. and his physical and emotional disorders are at issue herein and the Court should declare that his

medical records and physical and mental condition are an issue and Defendant Habilitation Center, LLC should be ordered and directed that the mental condition of said peer is in issue and the doctor (or hospital should be ordered to submit all of said peer's records for *in camera* review allowing the Court to determine any documents relevant to Plaintiff's allegations.

30. The Plaintiffs are in possession of a condensed version of T.B.'s medical records but request that this Court order a full and immediate copy of said records be provided to Plaintiff through counsel.  Further, while the records do not indicate any action was taken to investigate the allegations contained herein, if any such actions were taken, a full and complete copy of any report, investigation, findings, statements or any other actions taken in the investigative process should be immediately ordered to be given to Plaintiff.

31. That the Plaintiff requests an immediate hearing on this issue.

## COUNT THREE –NEGLIGENCE OF ACADIA HEALTHCARE COMPANY, INC

32. That the Plaintiff re-alleges each and every allegation contained hereinabove in paragraphs 1-31.

33. That Defendant Acadia knew or should have know that it was improper to house adolescents in the same rooms without strict supervision, particularly in a scenario where a patient had a history of sexual abuse.

34. That Defendant Acadia failed to have adequate security measures as a necessary and normal part of its operation of Habilitation Center, LLC/MillCreek.

35. That Defendant Acadia failed to provide adequate security.

36. That Defendant Acadia failed to have regular nursing and/or security personnel walking around the campus and up and down the halls as part of their operating procedure.

37. That Defendant Acadia failed to provide sufficient staff to operate their Fordyce facility Habilitation Center, LLC.

38. That Defendant Acadia was otherwise negligent which will be proven at trial

## COUNT FOUR – PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

39. That the Plaintiff re-alleges each and every allegation contained in paragraphs 1-38 hereinabove.

40. That Defendant Habilitation Center, LLC/MillCreek and ACADIA knew by virtue of previous assaults that subsequent sexual assaults were likely without some form of protection.   Upon information and belief, all Defendants had knowledge of previous physical and sexual assaults on their multiple campuses. Their failure to take necessary precautions to prevent these attacks, despite their previous knowledge of the same and/or similar attacks, shows a willful and wanton disregard for the safety of their patients and a clear choice of prioritizing company profit over personal safety.

41. That, despite that knowledge, Habilitation Center/MillCreek and Acadia took no actions to protect their patients. Their blatant, intentional, and willful and wanton disregard for the safety of T.B.. lends itself to punitive and/or exemplary damages. Punitive and/or exemplary damages are appropriate here where,

despite knowledge, Habilitation Center, LLC/MillCreek  and ACADIA took no actions for the protection of T.B.  Further, these heinous acts occurred while T.B. was on "close observation" and on "unit restrictions."

42. That Habilitation Center, LLC and ACADIA should also be liable for punitive and/or exemplary damages for failing to timely notify authorities and T.B.'s parents.  Upon information and belief, MillCreek and ACADIA did not timely report these offenses to the Arkansas Child Abuse Hotline or any other reporting agency thereby preventing any external and independent investigation. Therefore, the Plaintiffs are left with 4 hand-written lines on the medical records evidencing the "investigation" conducted by the Defendants, and each of them.

43. That upon information and belief, the Defendants and each of them failed to report this sexual assault to any authorities until they conducted their own internal investigation.  Failing to report this assault to authorities all but eliminated the ability for any independent entity or agency to conduct any type of real and independent investigation.

WHEREFORE, premises considered, the Plaintiff Shelby Buffington, individually and on behalf of T.B., prays that the Court award judgment against each Defendant, jointly and severally in the sum and amount that the proof presented at the trial of this matter warrants.

Respectfully Submitted
Shelby Buffington, as
Parent and Next of Friend
of T.B. a Minor, Plaintiff

*M. Jered Medlock*

By:_____
M. Jered Medlock, ABA#2005304
Medlock & Gramlich, LLP
105 N. 14th Street
Fort Smith, AR 72902
Phone No.  (479) 494-5614
Fax No.     (479) 802-4742